IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Edward Hendricks, | ) | C/A No.: 1:14-3158-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Shirley Singleton, LeVern Cohen, | ) | REPORT AND RECOMMENDATION |
| Pamela Garnsey, V. Robinson, Mary | ) | |
| Montouth, and Ann Hallman, | ) | |
| individually and in their official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Larry Edward Hendricks, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff alleges that the following employees of the South Carolina Department of Corrections ("SCDC") violated his constitutional rights while he was an inmate incarcerated at Ridgeland Correctional Institution ("RCI"): Shirley Singleton, LeVern Cohen, Pamela Garnsey, V. Robinson, Mary Montouth, and Ann Hallman.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this

case without prejudice and without issuance and service of process as to defendants Montouth and Hallman.[1]

I.      Factual and Procedural Background

Plaintiff alleges that Singleton, Garnsey, Robinson, and Cohen unconstitutionally confiscated five items of his incoming mail. [Entry #1 at 5–9]. Plaintiff claims that his mail was confiscated because it contained scanned photos and "questionable material." *Id.* Plaintiff argues that his First Amendment rights were violated because there was no legitimate penological objective or reason for the illegal censoring of his mail. *Id.* at 6. Additionally, Plaintiff claims that Montouth and Hallman improperly processed and responded to his grievances in violation of SCDC policies. *Id.* at 8, 11–12. Plaintiff seeks declaratory relief and monetary damages. *Id.* at 13.

II.     Discussion

A.      Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

---

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining defendants.

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Montouth and Hallman's alleged failure to process or respond to Plaintiff's grievances in violation of SCDC policy does not state a cognizable claim under § 1983. "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10–6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann-Ra v. Commonwealth of Virginia*, 112 F.Supp.2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not

3

actionable under § 1983."). Further, the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992) (holding violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983). Accordingly, Montouth and Hallman should be summarily dismissed from this action.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that Montouth and Hallman be dismissed from this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 27, 2014                                    Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).