IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Edward Hendricks, | ) | C/A No.: 1:14-3158-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Shirley Singleton; LeVern Cohen; | ) | ORDER |
| Pamela Garnsey; and V. Robinson, | ) | |
| individually and in their official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Larry Edward Hendericks ("Plaintiff"), proceeding pro se and in forma pauperis, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC").[1] Plaintiff sues RCI employees Shirley Singleton, LeVern Cohen, Pamela Garnsey, and V. Robinson (collectively "Defendants"). This matter is before the court on Plaintiff's motion to strike portions of Defendants' answer [ECF No. 28]. Defendants having filed a response [ECF No. 34], this matter is ripe for disposition. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

Plaintiff seeks to strike portions of Defendants' answer to the complaint based on his disagreement with Defendants' basis for certain defenses. [ECF No. 28]. The court

---

[1] Plaintiff is now in the custody of the South Carolina Department of Mental Health.

may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). However, motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). "Accordingly, a motion to strike a matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." *McIntyre-Handy v. APAC Customer Servs.*, 2006 WL 1771048 (E.D.Va. June 23, 2006) (internal citations and quotations omitted).

Plaintiff has provided no basis for his claim that the defenses he takes issue with are insufficient, immaterial, impertinent, or scandalous. An answer is not required to contain factual allegations, but must only state its defenses in short and plain terms and admit or deny the allegations of the complaint. Therefore, Plaintiff's motion to strike is denied.

IT IS SO ORDERED.

July 20, 2015                                     Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

2