IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Edward Hendricks, | C/A No.: 1:14-3158-DCN-SVH |
| Plaintiff, | |
| vs. | |
| Shirley Singleton; LeVern Cohen; Pamela Garnsey; and V. Robinson, individually and in their official capacities, | REPORT AND RECOMMENDATION |
| Defendants. | |

Larry Edward Hendricks ("Plaintiff"), proceeding pro se and in forma pauperis, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC").[1] Plaintiff sues RCI employees Shirley Singleton, LeVern Cohen, Pamela Garnsey, and V. Robinson (collectively "Defendants").[2] This matter is before the court on Defendants' motion for summary judgment [ECF No. 39]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF

---

[1] Plaintiff is now in the custody of the South Carolina Department of Mental Health.

[2] By order dated September 19, 2014, the Honorable David C. Norton, United States District Judge, affirmed the undersigned's recommendation that Mary Montouth and Ann Hallman be dismissed because Plaintiff has no entitlement to a grievance procedure. [ECF No. 20].

No. 40]. The motion having been fully briefed [ECF Nos. 45, 46], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

I.      Factual Background

Plaintiff alleges that Defendants read his mail and denied him a newsletter allegedly containing questionable material that was sent to the Correspondence Review Committee ("CRC"). [ECF No. 1 at ¶ 1]. He alleges Defendants violated his constitutional rights by denying him mail from family and friends that contain scanned pictures. *Id*. at ¶¶ 2, 19–21. Plaintiff alleges his mail was not picked up during lock downs on November 16, 2011, November 23, 2011, November 28, 2011, and December 15, 2011, and that he had a court deadline on one of these dates. *Id*. at ¶¶ 18, 23. Plaintiff also alleges he had inadequate time in the law library, *id*. at 25, and that Defendants violated SCDC policies. *id*. at ¶¶ 12, 15, 28. Plaintiff seeks declaratory relief and compensatory damages.

II.     Discussion

    A.     Summary Judgment Standard

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow

the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

1.     Censoring of Mail

Plaintiff claims that Defendants' actions in restricting his mail violated his constitutional rights. As a prison inmate, Plaintiff retained certain First Amendment rights. *Thornburgh v. Abbott*, 490 U.S. 401, 407–408 (1989). However, an inmate's constitutional rights are not unrestricted. Prisons may adopt regulations that infringe upon an inmate's constitutional rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 87 (1987). The court must consider four factors in determining whether the regulation relied on by Defendants is constitutionally permissible: (1) whether the disputed regulation is logically connected to the legitimate government interest invoked to justify it; (2) whether the inmate has alternative means of exercising the right in question; (3) the impact that accommodation of the asserted right would have on other inmates, prison officials, and the allocation of prison resources; and (4) whether there is a ready alternative that would fully accommodate the inmate's rights. *Turner*, 482 U.S. at 89–90. In applying these factors, the court must "respect the determinations of prison officials." *United States v. Stotts*, 925

F.2d 83, 86 (4th Cir. 1991). The plaintiff bears the ultimate burden of establishing that a prison regulation is unconstitutional. *Hause v. Vaught*, 993 F.2d 1079, 1082 (4th Cir. 1993).

      a.    Newsletter

Plaintiff alleges that he was sent a newsletter, but Defendants read it and sent it to the CRC. Plaintiff does not appear to contest that the newsletter contained questionable materials under SCDC policy, instead arguing his constitutional rights were violated because Defendants read his mail. Defendants argue that scanning the mail is necessary to protect the security of the prison and ensure prisoners do not receive mail that could threaten the security of the prison, a legitimate governmental interest. *See Altizer v. Deeds*, 191 F.3d 540, 548 (4th Cir. 1999) (finding that because certain types of inmate mail could be censored, prison officials must be allowed to open and inspect mail because without such authority the prison officials would never know a letter contained the materials that could rightfully be censored). Plaintiff maintains the right to send and receive mail that is not considered questionable under SCDC policy. The CRC ultimately found that Plaintiff was not entitled to receive the newsletter. [ECF No. 39-5]. Plaintiff has failed to provide an alternative to mail scanning to ensure that prisoners do not receive material that would threaten the security of the prison. Applying the *Turner* factors, the undersigned finds the SCDC's scanning of publications and censoring of certain questionable materials is reasonably related to legitimate governmental interests.

b.      Scanned Pictures

Plaintiff argues the prohibition on scanned pictures violates his right to maintain communication with family and friends. Defendants argue that the regulation is justified by the legitimate governmental objective of maintaining a secure prison environment. Dennis Patterson, SCDC Director of Operations, states that inmates are allowed ten loose photographs in order to limit inmate property and secure the prison environment. Patterson Aff. at ¶¶ 11–12.[3] She states that an abundance of inmate property hampers staff in conducting shakedowns and moving prisoners and provides opportunities for the concealment of contraband. *Id*. at ¶ 12. Patterson further states that because prisoners use scanned pictures to circumvent the limit of ten loose photographs, they are not allowed. *Id*. The undersigned finds Defendants have identified a legitimate penological interest in the prohibition on scanned photographs. *See Lucas v. Ozmint*, C/A No. 9:10-0017-CMC, 2011 WL 6979995, at *5 (D.S.C. Sept. 15, 2011) *report and recommendation adopted,* C/A 9:10-17-CMC-BM, 2012 WL 77178 (D.S.C. Jan. 10, 2012) ("While Plaintiff may not agree with the policy prohibiting copied or scanned photographs, the Defendants have set forth a reasonable penological interest for this policy, and there is nothing unconstitutional about this requirement as applied to inmates such as the Plaintiff.").

Plaintiff has alternative means of maintaining a connection with friends and family because he may receive loose photographs. Defendants submit that to grant Plaintiff's request to receive scanned pictures from friends and family would require them to allow all prisoners in Plaintiff's position to receive such documents and would hinder prison

---

[3] Patterson's affidavit may be found at ECF No. 39-8.

staff in securing the prison environment. Patterson Aff. at ¶ 12. Although Plaintiff argues that such scanned materials should be allowed to modernize the prison policy, "*Turner* does not impose a least-restrictive alternative test, but asks instead whether the prisoner has pointed to some obvious regulatory alternative that fully accommodates the asserted right while not imposing more than a de minimis cost to the valid penological goal." *Overton v. Bazzetta*, 539 U.S. 126, 136 (2003). The Court described this as a high standard to meet. *Id.* Applying the *Turner* factors, the undersigned finds the SCDC's prohibition on inmates' possession of scanned photographs is reasonably related to legitimate penological interests.

        2.        Access to the Courts

Plaintiff alleges that his mail was not picked up on four days in November and December 2011 and that "he had court deadline materials that needed to go out." [ECF No. 1 at ¶¶ 18, 23]. He also alleges that he did not have adequate time in the law library and that it did not contain updated materials. *Id.* at ¶¶ 25, 32.

Tto state a claim of denial of access to the courts, a plaintiff must allege that he was prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey*, 518 U.S. 343, 350–53 (1996). The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Id.* at 343. To make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an

actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989).

A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353-54. The actual injury requirement is not satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

Occasional incidents of delay or nondelivery of mail "do not rise to a constitutional level." *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990). Mere negligent interference by prison officials with an inmate's right to access to the courts does not state a cause of action under section 1983. *Pink v. Lester*, 52 F.3d 73, 75-76 (4th Cir. 1995).

Plaintiff has not provided any evidence that he was prejudiced in pursuing a non-frivolous legal claim by disruptions in the mail or by having inadequate time in the law library. The undersigned recommends Defendants be granted summary judgment on these claims.

### 3. Violation of SCDC policies

To the extent that Plaintiff alleges Defendants violated SCDC policies, he has failed to state a claim of constitutional magnitude. Violations of prison policies, standing alone, do not rise to the level of a constitutional violation. *See United States v. Caceres*,

440 U.S. 741 (1978); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992). Plaintiff has also failed to show that he was injured as a result of any alleged policy violation.

III.   Conclusion

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [ECF No. 39] be granted and this case be dismissed with prejudice.

IT IS SO RECOMMENDED.

July 20, 2015                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).